**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-14-519** |
| **DAMIEN HENRY THOMAS,** | * | (Civil Case No.: PWG-18-1551)[1] |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Damien Henry Thomas was charged in a six-count indictment for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); distribution of controlled substances, in violation of 21 U.S.C. § 841 (Counts 2, 3, 4, and 5); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 6). Superseding Indictment, ECF No. 22. On April 8, 2016, pursuant to a Fed. R. Crim. P.11(c)(1)(C) plea agreement ("Plea Agreement") executed on March 17, 2016, Thomas entered a "guilty" plea as to Counts 1 and 6 and a "not guilty" plea as to Counts 2, 3, 4, and 5. Rearraignment, ECF No. 56. In the Plea Agreement, Thomas and the Government agreed to a sentence of 180 months' incarceration, consisting of a sentence of 180 months on Count 1 and a sentence of 120 months on Count 6, to be served concurrently. Plea Agr., ECF No. 57. As also agreed in the Plea Agreement, the Government moved to dismiss Counts 2, 3, 4, and 5 of the Superseding Indictment; the Court granted the Government's motion. Jmt., ECF No. 66.

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

The Court accepted the terms of the Plea Agreement under Rule 11(c)(1)(C) and sentenced Thomas to 180 months' incarceration. *Id.* The Court constructed the sentence differently from the plea agreement (120 months for Count 1 and 180 months for Count 6, to be served concurrently), but nonetheless ordered the agreed-upon 180-month total sentence. *Id.* The Court also imposed a supervised release terms of five years as to the conspiracy count and five years as to the firearm possession count, to run concurrently; entered a $200 special assessment; and issued a Forfeiture Order for the firearm at issue in Count 6, five rounds of ammunition, and $2,916 in connection with the charges. *Id.* Thomas appealed, ECF No. 68, and the Fourth Circuit affirmed his conviction and sentence on June 15, 2017. *See United States v. Thomas*, 691 F. App'x 760 (4th Cir. 2017).

Now pending is Thomas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 84,[2] in which he contends that his trial counsel failed to provide effective assistance. However, Thomas has not shown that his trial attorney's performance was constitutionally deficient or demonstrated a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Accordingly, I will deny his § 2255 motion.

### **Standard of Review**

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct a sentence on the ground that it "was in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-

---

[2] The parties fully briefed the motion. ECF Nos. 84, 95, 96. A hearing is not necessary. *See* Loc. R. 105.6.

2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4563376, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978); 28 U.S.C. § 2255(b).

To prevail on a claim of ineffective assistance of counsel as the alleged Constitutional violation,

> [t]he petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Id*. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Furthermore, the petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297. "If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297 (citing *Strickland*, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court may not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under ... *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)).

*United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014).

To show prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A probability is reasonable if it is "sufficient

3

to undermine confidence in the outcome." *Id.* Additionally, the defendant must show that "the 'result was fundamentally unfair or unreliable.'" *Lomax*, 2014 WL 1340065, at *2 (quoting *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993))); *see also Lockhard*, 506 U.S. at 369 ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). If the defendant fails to show prejudice, the Court need not consider the performance prong. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

## Discussion

### I. Sentence Above the Statutory Maximum

Thomas argues that the assistance he received from his counsel was constitutionally deficient because his attorney did not object to the sentence ordered by the Court even though it exceeded the statutory maximum as to Count 6 for violation of 18 U.S.C. § 922(g). It is true that § 922(g) carries a maximum penalty of 120 months, and Thomas received a sentence of 180 months. But, the Court applied the armed career criminal[3] enhancement to Count 6, which enhances the penalty of § 922(g) from a maximum sentence of 120 months (ten years) to a minimum sentence of 180 months (fifteen years):

> In the case of a person who violates section 922(g) of this title and has three previous convictions *by any court* referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

---

[3] "Armed Career Criminal" status is statutorily defined in 18 U.S.C. 924(e) and determines the statutory mandatory minimum. Armed Career Criminal status is also relevant to sentencing calculations under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.4.

4

18 U.S.C. § 924(e)(1) (emphasis added). Thomas has three prior convictions in the criminal justice system of the state of Maryland, which are included towards Thomas's status as an armed career criminal under § 922(g)(1). Presentence Investigation Rept. ¶¶ 37, 38, 40, ECF No. 60. A petitioner whose claim fails on its merits "cannot show that his counsel acted unreasonably." *United States v. Dunkel,* 685 F. Appx. 234, 237 (4th Cir. 2017). Thomas's counsel's failure to object, therefore, was not unreasonable.

Moreover, because Thomas agreed to a sentence of 180 months in the Plea Agreement, he was not prejudiced. Thomas agreed that 180 months total was "an appropriate disposition of the case," Plea Agr. 5, and he testified at sentencing that he understood that the Court intended to impose a 180-month sentence. Re-arraignment Tr. 14:4–11, 24:3–14; 34:22–35:1, ECF No. 74. He could have received, as the parties agreed, a 180-month sentence under Count 1, because the statutory range for a violation of § 846 is 10 years (120 months) to life imprisonment. Therefore, regardless of the Court's application of § 924(e) on Count 6, the variation did not result in prejudice to the defendant, and his counsel's assistance was not constitutionally ineffective.

## II. Challenge to Factual Basis of Plea Agreement

Thomas also argues that his counsel's failure to object to the calculation of drug quantities that determined his culpability level constituted ineffective assistance of counsel. The Government attributed 51.9 grams of cocaine base to Thomas through a series of controlled buys and used a range of 280 to 840 grams of cocaine base and 500 grams to two kilograms of cocaine to calculate his offense level. Plea Agr. Stip. of Facts, ECF No. 57-1. Thomas argues, as he did in his direct appeal, that the record is devoid of facts that attribute to him the volume of drugs cited to calculate his offense level. *Thomas*, 691 F. Appx. at 760.

But Thomas's challenge to the factual basis of the plea agreement was addressed and rejected by the Fourth Circuit in his direct appeal.

5

> Thomas has not shown that the district court erred in finding a sufficient factual basis to support his guilty plea. Thomas is correct that the statement of facts does not explicitly explain how it determined that between 280 grams and 840 grams of cocaine base and between 500 grams and 2 kilograms of cocaine were attributable to Thomas. However, we conclude that it is reasonably foreseeable that other members of the conspiracy would have sold quantities of cocaine and cocaine base in addition to the amounts sold by Thomas.

*Thomas*, 691 F. Appx. at 761.

On a § 2255 motion, a defendant cannot "recast, under the guise of collateral attack, questions fully considered on direct appeal." *Boeckenhapt v. United States,* 537 F.2d 1182, 1183 (4th Cir. 1976). Because the Fourth Circuit already concluded that drug quantities sold by other members of the conspiracy could be attributed to Thomas, he cannot relitigate the issue by presenting it as a constitutional claim for ineffective assistance of counsel. *See id.* This claim is barred. *See id.*

### III. Advice to Plead Guilty

Thomas also claims that he received ineffective advice of counsel that caused him to plead guilty under false pretenses. He argues, first, that he was not a career offender and therefore not subject to sentence enhancement (and that his counsel was ineffective for failing to object to such). Simply put, it was not ineffective assistance for defense counsel not to object to Thomas's status as a career offender pursuant to the Guidelines, because Thomas was indeed a career offender. U.S.S.G. § 4B1.1. And, in the Plea Agreement that he signed, he agreed that he qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). Plea Agr. 4

Nonetheless, Thomas argues that, because the sentences for two of his prior convictions were suspended, he does not qualify as a career offender, and his offense level therefore was incorrectly calculated. Reply 4. He relies on the definition of 'Sentence of Imprisonment' in § 4A1.2(b), which states that "if part of a sentence was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended," and on its corresponding commentary, "[t]o

qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment." U.S.S.G. § 4A1.2 cmt. n.2. However, § 4A1.2(b) defines "sentence of imprisonment" for purposes of calculating the accumulation of total points in a defendant's criminal history under § 4A1.1(a)-(b).

In contrast, "Career Offender" status, which refers to the calculation of a defendant's offense level and criminal history category in U.S.S.G. § 4B1.1, does not limit convictions solely to those that resulted in a formally served sentence. Rather, a defendant is a career offender if:

> (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense is a felony, and is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Notably, § 4B1.1(b) requires at least two prior felony convictions, not sentences of imprisonment, and it defines "prior felony convictions" as "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.2(c). The commentary further elaborates that both federal and state convictions satisfy this definition. U.S.S.G. § 4B1.2 cmt. n.1. The Government accurately summarizes Petitioner's criminal history from the Presentence Investigation Report ("PSR"):

> Petitioner had three previous convictions for controlled substance offenses: conspiracy to distribute cocaine, PSR ¶ 37; (2) possession with intent to distribute marijuana, PSR ¶ 38; and (3) distribution of marijuana, PSR ¶ 40. All three convictions constitute predicate convictions under the career offender statute.

Gov't Opp'n 13. These convictions clearly satisfy the elements of career offender under § 4B1.1(b). Thus, Thomas's claim that he is not a career offender is not supported by the record. Once again, a petitioner whose claim fails on its merits "cannot show that his counsel acted unreasonably." *Dunkel*, 685 F. Appx. at 237. And, at the sentencing hearing, Thomas confirmed under oath that he understood and did not object to his classification as a career criminal in the

7

Presentence Investigation Report. Sentencing Tr. 3:12-19, ECF No. 75. Therefore, his counsel was not unreasonable in failing to object.

Thomas' second argument in support of his assertion that he received ineffective advice of counsel that caused him to plead guilty under false pretenses is that he was informed that he would have an opportunity at sentencing to argue for a sentence below 180 months. He insists that, had he not waived his right to a trial, he would have been subjected to "terms at sentencing . . . far more advantageous than those of the plea agreement." Def.'s Mot. 8-9.

Thomas cannot show that the advice he received from counsel was objectively unreasonable. His offense level under the Guidelines was 37, as required by U.S.S.G. § 4B1.1(b)(1), with a criminal history Category VI. Thomas's offense level was reduced by two levels under § 3E1.1(a) (demonstration of acceptance of responsibility for the offense) and an additional level under § 3E1.1(b) (timely entry of guilty plea), to 34. Sentencing Tr. 4:17-19. The recommended Guidelines range for offense level 34 and criminal history Category VI is 262 to 327 months' imprisonment. Thomas's attorney's advice to plead guilty was not only objectively reasonable under the *Strickland* standard but exceptional legal representation, as he secured a sentence that was 82 months below the applicable Guidelines range. Had Thomas not accepted the Plea Agreement and pled guilty, he could have been subject to the additional four counts that were dropped pursuant to the Plea Agreement and would not have enjoyed the three-level reduction to his offense level agreed to by the Government under the plea.

Additionally, Thomas has not demonstrated prejudice from the alleged advice of counsel. As the Government correctly noted, "even if counsel did provide the alleged advice, the Court conducted a full colloquy with him in which it advised him on the consequences of his guilty plea and Rule 11(c)(1)(C) agreement." Gov't Opp'n 10 (citing *United States v. Foster*, 68 F.3d 86, 88

(4th Cir. 1995) (finding that potentially erroneous advice concerning sentencing was mitigated by the trial court's "careful explanation of the potential severity of the sentence"). Therefore, Thomas has not demonstrated that the assistance he received from counsel was constitutionally deficient.

## Conclusion

In summary, Petitioner has not shown that his trial counsel's performance was constitutionally deficient. In fact, Thomas's defense attorney secured a plea agreement for far less than the federal sentencing guidelines recommended for the severity of his offense. Further, Thomas failed to show prejudice as required in *Strickland*. 466 U.S. at 694.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-256, Crim. No. DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013). This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits…by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (Citing *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Because Thomas has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller-El*, 537 U.S. at 336-38; *Slack*, 529 U.S.

at 484.  However, this ruling does not preclude Thomas from seeking a certificate of appealability from the Fourth Circuit.  *See* 4th Cir. Loc. R. 22(b)(1).

**ORDER**

For the reasons stated above, it is, this 19th day of July, 2019, hereby ORDERED that

1. Defendant's § 2255 Motion, ECF No. 84, IS DENIED; and

2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-14-cr-519 and Civil Action No. PWG-18-cv-1551, to MAIL a copy of it to Defendant and the Government, and to CLOSE Civil Action No. PWG-18-cv-1551.

/S/
Paul W. Grimm
United States District Judge

lyb